**Jose Rosas VILLA; Ana Bertha Bautista Rosas Ceja, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–75724.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Nov. 30, 2009.

Curtis F. Pierce, Esq., Law Offices of Curtis F. Pierce, Los Angeles, CA, for Petitioners.

CAC–District, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., Gladys M. Steffens–Guzman, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Jose Rosas Villa and Ana Bertha Bautista Rosas Ceja, husband and wife and natives and citizens of Mexico, petition for

---

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen based on ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and de novo claims of due process violations, including claims of ineffective assistance of counsel in immigration proceedings. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

We agree with the BIA's conclusion in its November 20, 2006, order that petitioners failed to present evidence that establishes prejudice, and thus their claim of ineffective assistance of counsel fails. *See id.* at 794 (to prevail on an ineffective assistance of counsel claim a petitioner must demonstrate prejudice).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.